Byron G. Martin (#8824)
Cameron A. Willis (#20022)
STRONG & HANNI
9350 South 150 East, Suite 500
Sandy, Utah 84070
Telephone:  (801) 532-7080
Facsimile:   (801) 596-1508
bmartin@strongandhanni.com
cwillis@strongandhanni.com

*Attorneys for Liberty Mutual Insurance Agency and Ohio Security Insurance Company*

# IN THE UNITED STATES DISTRICT COURT
# IN AND FOR THE DISTRICT OF UTAH

| | |
|---|---|
| M-SHOT LLC, a Utah limited liability company; MOONSHIP LLC, A Utah dba; and DEVON STANFIELD, an individual.<br><br>Plaintiff,<br><br>vs.<br><br>LIBERTY MUTUAL INSURANCE AGENCY, a corporation formed under the laws of Massachusetts; and OHIO SECURITY INSURANCE COMPANY, a corporation domiciled in New Hampshire,<br><br>Defendants. | NOTICE OF REMOVAL<br><br>Federal Court Case No.  2:26-cv-00142<br><br>(State Court Case No. 260900683)<br><br>Judge: |

Defendants Liberty Mutual Insurance Agency and Ohio Security Insurance Agency (collectively the "**Defendants**") hereby give notice—pursuant to 28 U.S.C. §§ 1332 (diversity jurisdiction), 1441, and 1446—of the removal to this Court of the above-entitled action from the Third Judicial District Court in and for Salt Lake County, State of Utah, Civil No. 260900683. In support of removal, Defendants state:

## Background

1. On January 27, 2026, M-Shot LLC, Moonship LLC, and Devon Stanfield (collectively "**Plaintiffs**") filed a complaint (the "**Complaint**") in the Third Judicial District Court of Salt Lake County, State of Utah, Captioned *M-Shot LLC, a Utah Limited Liability Company; Moonship LLC, a Utah DBA; and DeVon Stanfield, an individual and Liberty Mutual Insurance Agency, a corporation formed under the laws of Massachusetts*. (a true and accurate copy of the Complaint, as filed, is attached hereto as Exhibit A.)

2. Complaint, naming Liberty Mutual Insurance Agency, was purportedly served on CSC Corporation on January 29, 2026. (A true and accurate copy of the service documents and associated summons is attached hereto as Exhibit B.)

3. Plaintiffs allege in their Complaint that they were "insured under Liberty Mutual Insurance Policy Number BZS (23) 63 97 75 06 (the "**Policy**")" on the relevant date of loss. *Compl.* ¶ 9.

4. Further, in their Complaint, Plaintiffs detail their communications with 'Liberty Mutual' regarding their insurance claim. *Id.* at ¶¶ 20-33.

5. Plaintiffs allege that 'Liberty Mutual' was notified of Plaintiffs' loss, was provided with supporting documentation of such loss, and that 'Liberty Mutual' paid out $315,897.28 towards Plaintiffs' claims. *Id.* at ¶¶ 18, 20-21, 23-24, 28, 39.

6. Plaintiffs further allege that 'Liberty Mutual' failed to pay the full amount due under the Policy. *Id.* at ¶ 26.

7. However, the Policy was underwritten by Ohio Security Insurance Company, not Liberty Mutual Insurance Agency. (A true and accurate copy of the Policy is attached hereto as

Exhibit C). This was brought to the attention of Plaintiffs' Counsel who then amended the Complaint, as discussed more below.

8. On information and belief, Liberty Mutual Insurance Agency is a 'doing business as' for Helmsman Insurance Agency, LLC. *See* Exhibit D.

9. To the extent that Plaintiffs intended to sue Helmsman Insurance Agency, LLC, that entity's citizenship status will be discussed below.

10. On February 9, 2026, Plaintiffs filed an Amended Complaint, naming, in addition to Liberty Mutual Insurance Agency, Ohio Security Insurance Company. (A true and accurate copy of Plaintiffs' Amended Complaint is attached hereto as Exhibit E).

11. Plaintiffs' Amended Complaint was served on the CSC Corporation on February 10, 2026. (True and accurate copies of the service documents and associated summons regarding Plaintiffs' Amended Complaint are attached hereto as Exhibit F).

## Original Jurisdiction

12. Per federal statute, a civil action filed in State court may be removed to a federal district court if it is a type of civil action "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). One type of civil action over which federal district courts have original jurisdiction is "where the matter in controversy exceeds the sum or value of $75,000" and the matter is between "citizens of different [diverse] States." *Id*. § 1332(a)(1).

13. As shown below, this is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332 since the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States such that complete diversity exists.

## Timeliness of Removal

14. Plaintiffs served their Complaint on January 29, 2026. Therein, they prayed for compensatory damages in the amount of $2,545,472.89, prejudgment interest of 10% per year, consequential damages, attorney's costs and fees, and other relief the Court may deem proper. *See* Exhibits A and B.

15. On February 10, 2026, Plaintiffs served their Amended Complaint on the CSC Corporation. *See* Exhibits E and F.

16. Accordingly, this Notice of Removal is filed within thirty days of both the service of Plaintiffs' Complaint and Amended Complaint.

17. Per federal statute, if a case stated by the initial pleading is not removable, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3).

18. Therefore, this Notice of Removal is timely because it is filed within 30 days of receipt of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. This Notice contains all information required by statute and by local rule. *See Id*. § 1446(a)-(b); *see also* DUCivR 81-2.

## Diversity of Citizenship

19. Plaintiff M-Shot, LLC is a limited liability company whose sole member is Plaintiff Moonship, LLC and whose sole manager is Plaintiff Devon Stanfield. *See* Exhibit G.

20. Plaintiff Moonship, LLC is a limited liability company whose sole member is Plaintiff Devon Stanfield. *See* Exhibit H.

4

21. Upon information and belief, Plaintiff Devon Stanfield is an individual residing and domiciled in the State of Utah and is a citizen of the State of Utah. *See* Exhibit E, ¶ 1.

22. Limited liability companies are citizens of the states that their members are citizens of. Therefore, Plaintiffs M-Shot, LLC and Moonship, LLC, are both citizens of the State of Utah only. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015).

23. Ohio Security Insurance Company is a New Hampshire corporation authorized to do business as an insurer in the State of Utah.

24. Ohio Security Insurance Company is a citizen of the State of New Hampshire and the State of Massachusetts, since it is incorporated in New Hampshire and has its principal place of business in Massachusetts.

25. Liberty Mutual Insurance Agency is a 'doing business as' for Helmsman Insurance Agency, LLC.

26. Helmsman Insurance Agency, LLC is a citizen of the states wherein its members are citizens.

27. Liberty Corporate Services LLC is the sole member of Helmsman Insurance Agency LLC.

28. Liberty Mutual Group Inc. is the sole member of Liberty Corporate Services LLC.

29. Liberty Mutual Group, Inc. is incorporated under the laws of the State of Massachusetts and has its principal place of business in the State of Massachusetts. Therefore, it is a citizen of the State of Massachusetts only.

30. Accordingly, Helmsman Insurance Agency, LLC and Liberty Corporate Services, LLC are both citizens of the State of Massachusetts only.

31. Neither of the Defendants are incorporated in the State of Utah; they do not have a principal place of business in the State of Utah, they have no members in the State of Utah, and they are not citizens of the State of Utah.

32. Ohio Security Insurance Company is the proper defendant in this matter, and it is the entity that issued the subject insurance policy; Defendants remove this action.

33. These citizenship facts apply both at the time the action commenced and at the time of removal to this Court.

## Amount in Controversy

34. The amount in controversy exceeds $75,000, exclusive of interest and costs.

35. Plaintiffs allege in their Complaint and Amended Complaint that Defendants should be responsible to provide Plaintiffs with additional payments, in excess of $75,000, for alleged damages that they claim are covered under the Policy.

36. Plaintiffs' Complaint and Amended Complaint clarify that they are seeking $2,545,472.89 in addition to monies already received under the Policy.

37. The remaining policy limits of the Policy far exceed $75,000.

38. Moreover, Plaintiffs allege that Defendants breached the implied covenant of good faith and fair dealing, and therefore claim consequential damages, attorney's fees, and other amounts separate from costs and interest, which—together with the claimed damages to property—further evidence that Plaintiffs are claiming in excess of $75,000 in the aggregate, exclusive of interest and costs.

## Procedure and Certification

39. Defendants file this Notice of Removal within 30 days of receipt of a copy of a pleading, amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable. The time for filing this Notice of Removal, pursuant to 28 U.S.C. § 1446(b)(3), has not expired.

40. Removal to this Court is proper under 28 U.S.C. § 1441(a) because this Court has original jurisdiction on diversity grounds over all claims in Civil No. 260900683 in the Third Judicial District in and for Salt Lake County, State of Utah, which is within this district.

41. Defendants will today give written notice of this Notice of Removal to all adverse parties and file a true and correct copy of the Notice with the Clerk of the District Court for the Third Judicial District Court, County of Salt Lake, State of Utah, as provided in 28 U.S.C. § 1446(d).

42. Pursuant to Local Rule 81-2(b), a copies of the Complaint and Amended Complaint are attached hereto as Exhibits A and E, a current copy of the state court docket sheet is attached hereto as Exhibit I, and all pleadings, motions, orders, and other state court filings in chronological order are attached hereto as Exhibit J.

43. The undersigned certifies that a copy of all processes, pleadings, and orders served on Defendant are filed in this case in connection with this Notice of Removal.

44. This Notice of Removal is made and signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

DATED February 19th , 2026.

STRONG & HANNI

*/s/ Byron G. Martin*

Byron G. Martin
Cameron A. Willis
*Attorneys for Liberty Mutual Insurance Agency and Ohio Security Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that February 19th, 2026, a true and correct copy of the foregoing **NOTICE OF REMOVAL** was served by the method indicated below, to the following:

| | |
|---|---|
| Nathan R. Eaton, JD (18616)<br>ASCENT LAW, LLC<br>8833 S. Redwood Road, Suite A<br>West Jordan, UT 84088<br>office@ascentlaw.com<br>*Attorneys for Plaintiff* | (X)   Electronic Filing<br>(  )   Email<br>(  )   U.S. Mail, Postage Prepaid<br>(  )   Hand Delivered<br>(  )   Overnight Mail<br>(  )   Facsimile |

*/s/ Savannah Linton*