# EXHIBIT A

Nathan R. Eaton (18616)
Ryan E. Simpson (11300)
**ASCENT LAW, LLC**
8833 South Redwood Road, Suite A
West Jordan, Utah 84088
Telephone: (801) 676-5506
Facsimile: (888) 247-2541
Email: office@ascentlaw.com
*Attorney for Plaintiffs*

| PRIVATE RECORD |
|---|
| If you do not respond to this document within applicable time limits, judgment could be entered against you as requested. |

## IN THE THIRD JUDICIAL DISTRICT COURT - STATE OF UTAH
## IN AND FOR SALT LAKE COUNTY – SALT LAKE CITY DEPARTMENT

| | |
|---|---|
| M-SHOT LLC, a Utah Limited Liability Company; MOONSHIP LLC, a Utah DBA; and DeVon Stanfield, an individual.<br>*Plaintiffs*<br><br>and<br><br>LIBERTY MUTUAL INSURANCE AGENCY, a corporation formed under the laws of Massachusetts.<br>*Defendant* | **COMPLAINT**<br>(Jury Demanded)<br><br>Case No.<br><br>Honorable Judge: |

The Plaintiffs, M-SHOT LLC, ("M-SHOT"); MOONSHIP LLC (Moonship); and DeVon Stanfield, (together Plaintiffs), by and through their attorney, Nathan R. Eaton of Ascent Law, LLC, hereby COMPLAIN and ALLEGE against LIBERTY MUTUAL INSURANCE AGENCY ("Liberty"), the Plaintiffs and Defendant, together herein shall be referenced collectively as Parties. Plaintiffs complain against the Defendant as follows:

### DESCRIPTION OF THE PARTIES

1.  Plaintiff DeVon Stanfield is a resident of Utah, and the exclusive owner of M-SHOT LLC, and MOONSHIP LLC.

2.  Plaintiff MOONSHIP LLC is a limited liability company formed under the laws of Utah with a principal place of business in Utah.

3.  Plaintiff MOONSHIP LLC is a limited liability company formed under the laws of Utah with a principal place of business in Utah and has a Doing Business As (DBA) registration of M-SHOT LLC.

4.  Defendant LIBERTY MUTUAL INSURANCE is a corporation formed under the laws of Massachusetts with a principal place of business in Massachusetts.

## JURISDICTION AND VENUE

5.  This Court has subject matter jurisdiction over this action pursuant to Utah Code Ann. § 78A-5-102 and Utah Const. Art. VIII, § 5, as this is a civil action for breach of contract and related claims.

6.  This Court has personal jurisdiction over Liberty Mutual Insurance pursuant to Utah Code § 78B-3-205, as Liberty Mutual contracted to insure property and risk located within Utah at the time of contracting, specifically the property located at 216 W. Paxton Ave., Salt Lake City, Utah.

7.  Venue is proper in the Third Judicial District Court of Utah, Salt Lake County, as Salt Lake County is the location of the Plaintiffs' insured real property, namely 216 W. Paxton Ave., Salt Lake City, Utah (Subject Property), that is the primary subject property of the insurance claim, and the headquarters of the Plaintiffs, which comprises a portion of the losses articulated in this complaint.

## STATEMENT OF FACTS

8.  On or about May 3, 2023, a fire occurred at 216 W. Paxton Avenue, Salt Lake City, Utah, causing significant damage to property owned by Plaintiffs.

9. At the time of the fire, Plaintiffs were insured under Liberty Mutual Insurance Policy Number BZS (23) 63 97 75 06 (the "Policy").

10. The Policy provided various coverages, including Building Coverage in the amount of $907,140.00, Business Personal Property coverage in the amount of $162,180.00, and numerous additional coverages.

11. DeVon Stanfield is an internationally recognized artist whose business operations were significantly disrupted by the fire.

12. The fire occurred during Stanfield's peak production season (May-June), which severely impacted his ability to prepare inventory for his August selling season.

13. The Policy includes a 33% increase in business personal property coverage for seasonal inventory, as referenced on page 122, Paragraph H of the Policy.

14. The fire caused damage to Stanfield's building, business personal property, fine art, and seasonal inventory.

15. The total actual documented losses sustained by Plaintiffs as a result of the fire amount to $3,566,603.76, not including business interruption.

16. Of this amount, $1,964,188.15 is covered under the Policy within the aggregate limits.

17. On October 25, 2023, Plaintiffs notified Liberty Mutual of their intent to repair the building and recover all recoverable depreciation.

18. To date, Liberty Mutual has paid only $315,897.28 toward Plaintiffs' claim.

19. The remaining amount due under the Policy is $1,648,290.87.

20. On May 19, 2024, Plaintiffs, through counsel, sent a detailed demand letter to Liberty Mutual outlining the basis for their claim and requesting payment of the remaining $1,648,290.87.

21. On January 19, 2026, Plaintiff completed and provided the Defendant with the business interruption portion of his claim stemming from the same event.

22. The business interruption which occurred as a result of the actual and proximate cause of the fire was calculated to be an amount, precisely, but not less than $581,284.74.

23. Documentation was provided in the business interruption report included but was not limited to, taxes, fixed and variable costs, invoices, correspondence with retailers. These documents encompassed an 86-page detailed report which was presented to the Defendant on January 19, 2026.

24. On January 19, 2026, Plaintiff answered all remaining questions requested by the Defendant's claim adjuster.

25. There has been full compliance, by the Plaintiffs, with all of the terms of this insurance policy.

26. Despite this demand and the documentation provided, Liberty Mutual has failed to pay the remaining amount due under the Policy.

27. In January of 2025, the parties had a meet and confer in which National General Adjuster, Brad Bretsch, requested additional information apart from the Plaintiffs' two-hundred-and-fifty-page detailed claim packet and demand letter.

28. Mr. Bretsch asked for and was provided with the additional information he requested on January 19, 2026.

29. Parties had prior agreed and stipulated to extend the suit limitation by approximately 150 days to February 1, 2026.

30. In an attempt to mitigate damages, DeVon has attempted to minimize the business interruption at all times but has found that the failure of Liberty Mutual to abide by the

30. terms of the demand difficult, as to divert additional time and effort away from his practice to provide the additional details to Mr. Bretsch.

31. On Thursday, January 8, 2026, in a further attempt to mitigate risk and minimize business interruption, counsel for Plaintiffs asked for an additional ninety-day (90) extension.

32. On January 12, 2026, Mr. Bretsch denied the request and reaffirmed the February 1, 2026, deadline.

33. On January 19, 2026, Plaintiffs submitted the requested documentation and have not received a response prior to the "Legal Action" suit date requirement, per policy terms. As such, and in an abundance of caution to meet this deadline, Plaintiffs bring this complaint to be compliant with all terms of the insurance policy.

34. As a result of Liberty Mutual's failure to pay, Plaintiffs have suffered additional damages, including but not limited to continued business disruption, inability to fully repair the damaged property, and the necessity of retaining legal counsel to pursue their rights under the Policy.

## CLAIMS FOR RELIEF
(As against Defendant Liberty Mutal Insurance)

### A. COUNT I – Breach of Contract (As against Defendant Liberty Mutual Insurance)

35. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 34 as if fully set forth herein.

36. The Policy constitutes a valid and binding contract between Plaintiffs and Liberty Mutual.

37. Plaintiffs fulfilled all their obligations under the contract.

38. Plaintiffs paid all required premiums under the Policy.

39. Plaintiffs promptly notified Liberty Mutual of the fire and have timely, within all stipulated periods, submitted all required documentation to support their claim.

40. Plaintiffs timely notified Liberty Mutual of their intent to repair the building and recover depreciation.

41. Liberty Mutual breached the contract.

42. Liberty Mutual has failed to pay the full amount due under the Policy, including but not limited to $1,648,290.87, in actual damages remaining unpaid despite documentation showing that these losses are covered under the Policy.

43. Liberty Mutual has failed to pay the full amount due under the Policy, including but not limited to $581,284.74, in actual business interruption despite sufficient clear and convincing documentation showing that these losses are covered under the Policy.

44. The losses herein include business interruption mentioned supra, which is ongoing and covered by this policy.

45. Plaintiffs have suffered damages as a result of Liberty Mutual's breach.

46. As a direct and proximate result of Liberty Mutual's breach, Plaintiffs have suffered damages in the amount of at least $1,648,290.87, representing the unpaid portion of their covered claim.

47. Plaintiffs also articulate and documentation has been provided to Defendants, of an additional $581.284.74 in business interruption sustained to the time of the filing of this complaint which remains ongoing.

48. Plaintiffs have also suffered consequential damages, including continued business disruption and additional expenses incurred as a result of Liberty Mutual's failure to pay the full amount due under the Policy.

49. Plaintiff now seeks damages articulated in this complaint.

**B. COUNT II – Breach of the Implied Covenant of Good Faith and Fair Dealing (as against Liberty Mutual Insurance)**

50. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 49 as if fully set forth herein.

51. A contract existed between Plaintiffs and Liberty Mutual.

52. The Policy constitutes a valid and binding contract between Plaintiffs and Liberty Mutual.

53. Plaintiffs performed all of their obligations under the contract.

54. Plaintiffs paid all required premiums under the Policy and complied with all requirements for submitting their claim.

55. Liberty Mutual failed to perform its contractual obligations in good faith.

56. Liberty Mutual has failed to evaluate Plaintiffs' claim fully and fairly and has not provided a reasonable explanation for its failure to pay the full amount due under the Policy.

57. Liberty Mutual has failed to effectuate prompt, fair, and equitable settlement of Plaintiffs' claim despite documentation showing that the claimed losses are covered under the Policy.

58. Liberty Mutual's actions have denied Plaintiffs the benefits of the Policy that they reasonably expected to receive.

59. Plaintiffs have suffered damages as a result of Liberty Mutual's breach of the implied covenant of good faith and fair dealing.

60. As a direct and proximate result of Liberty Mutual's breach of the implied covenant of good faith and fair dealing, Plaintiffs have suffered damages in the amount of at least $1,648,290.87 in actual damages, $581.284.74 in business interruption, plus any and all consequential damages including pre and post judgment interest pursuant to Utah Code 15-1-1, and the necessity of pursuing legal action to enforce their rights under the Policy.

### C. COUNT III – Unfair Claims Settlement Practices (as against Liberty Mutual Insurance)

61. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 60 as if fully set forth herein.

62. Liberty Mutual is an insurer subject to Utah's unfair claims settlement practices laws.

63. Liberty Mutual issued the Policy to Plaintiffs and is responsible for adjusting and settling claims under the Policy.

64. Liberty Mutual engaged in unfair claim settlement practices as defined by statute.

65. Liberty Mutual has failed to effectuate prompt, fair, and equitable settlement of Plaintiffs' claim where liability has become reasonably clear, as evidenced by the significant gap between the documented covered losses $1,964,188.15 and the amount paid $315,897.28.

66. Plaintiffs also articulate and documentation has been provided to Defendants for an additional $581.284.74 in business interruption sustained to the time of the filing of this complaint which remains ongoing.

67. Liberty Mutual's actions constitute unfair claim settlement practices in violation of Utah Code Ann. § 31A-26-303.

68. Plaintiffs have been harmed as a result of Liberty Mutual's unfair claim settlement practices.

69. As a direct and proximate result of Liberty Mutual's unfair claim settlement practices, Plaintiffs have suffered damages, including the unpaid portion of their claim, business disruption, and the necessity of retaining legal counsel to pursue their rights.

### D. COUNT IV – Unfair Claims Settlement Practices (as against Liberty Mutual Insurance)

70. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 69 as if fully set forth herein.

71. Plaintiffs submitted a valid insurance claim to Liberty Mutual.

72. Plaintiffs' claim for fire damage that occurred on May 3, 2023, is covered under the Policy.

73. Liberty Mutual failed to timely pay Plaintiffs' valid insurance claim.

74. Despite being notified on October 25, 2023, of Plaintiffs' intent to repair the building and recover depreciation, Liberty Mutual has not paid the full amount due under the Policy, with $1,648,290.87 in actual damages, and $581.284.74 in business interruption still outstanding as of the date of this complaint, more than a year after the fire.

75. Liberty Mutual's failure to timely pay Plaintiffs' valid insurance claim violates Utah Code Ann. § 31A-26-301.

76. Plaintiffs have been harmed as a result of Liberty Mutual's failure to timely pay their valid insurance claim.

77. As a direct and proximate result of Liberty Mutual's failure to timely pay their valid insurance claim, Plaintiffs have suffered damages, including the unpaid portion of their claim, business disruption, and the necessity of retaining legal counsel to pursue their rights.

E. **COUNT V – Declaratory Judgment (as against Liberty Mutual Insurance)**

78. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 61 as if fully set forth herein.

79. An actual controversy exists between Plaintiffs and Liberty Mutual.

80. There is an actual controversy between Plaintiffs and Liberty Mutual regarding the interpretation and application of the Policy terms, specifically the amount of coverage available for the fire damage.

81. The controversy is ripe for judicial determination.

82. Liberty Mutual has already made partial payment but disputes the full amount claimed by Plaintiffs, creating a present controversy that requires judicial resolution.

83. Plaintiffs have a legally protectable interest in the controversy.

84. As the policyholders who have suffered losses covered by the Policy, Plaintiffs have a legally protectable interest in the proper interpretation and application of the Policy terms.

85. Plaintiffs are entitled to a declaratory judgment pursuant to Utah Code Ann. § 78B-6-401 that the losses claimed by Plaintiffs are covered under the Policy and that Liberty Mutual is obligated to pay the full amount of covered losses, totaling $1,964,188.15, and $581.284.74 in business interruption.

86. Thus the total judgment should be for $2,545,472.89.

87. Pre and Post judgment interest at 10% is appropriate in this contract case pursuant to Utah Code Ann. § 15-1-1.

## PRAYER FOR RELEIF

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

A. Compensatory damages in the amount of $2,545,472.89, representing the unpaid portion of the covered claim.

B. Prejudgment interest at the rate of 10% per annum pursuant to Utah Code Ann. § 15-1-1. from the date the claim became due until judgment.

C. Consequential damages resulting from Liberty Mutual's breach of contract and breach of the implied covenant of good faith and fair dealing in an amount to be determined at trial.

D. Attorney's fees and costs incurred in pursuing this action.

M-SHOT v. Liberty Mutual

E.  A declaratory judgment pursuant to Utah Code Ann. § 78B-6-401 the losses claimed by Plaintiffs are covered under the Liberty Mutual policy and that Liberty Mutual is obligated to pay the full amount of covered losses and business interruption.

F.  Such other and further relief as the Court deems just and proper.

G.  Plaintiffs demand a trial by jury on all issues so triable.

DATED this 26th day of January 2026.

ASCENT LAW, LLC

/s/ *Nathan R. Eaton*
Nathan R. Eaton, JD
Attorneys for Plaintiff